DOUGHERTY GAUSE *v.* R. W. BULLARD.—THOMAS FOSTER, Intervenor.

The presumption which arises, under Article 2508 C. C., from the appearance of a malady in a slave, within three days immediately subsequent to the sale, will give way to direct evidence or to opposite presumptions of a controlling character ; but the vendor must make out more than a speculative and possible case—the opinion of a physician who never saw the slave, as to the sudden appearance of the malady in most cases, and as to the probable effect of the atmosphere, coupled with the apparent good health of the slave on the day of the sale, is not sufficient to destroy the legal presumption created by this Article.

Privileges are *stricti juris*, and can only exist by an express law creating them.

Persons who have advanced money towards the purchase of slaves, or consignees or commission agents who have furnished funds for a like object, acquire no privilege thereby under Article 3214 of the Civil Code as amended. Nor do such advances *per se* create any privilege on slaves under our existing laws.

The provisions of our own laws are to be alone consulted for the existence and enforcement of privileges.

The effect of an Act passed in another State, to take effect in this, must be governed by our own laws.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *Glenn & Chambers,* for plaintiff. *G. M. Morgan,* for defendant *Bullard,* and *T. J. & A. G. Semmes,* for intervenor, appellants.

DUFFEL, J. This is a redhibitory action ; and the defendant, *Bullard,* and the intervenor, *Foster,* are appellants from the judgment of the District Court.

The evidence shows conclusively that the disease which caused the death of the slave nine days after the date of the sale, *pneumonia,* had manifested itself two days after the sale ; thus creating the legal presumption that the germ of the malady was in the system before the transfer. C. C. 2508.

This presumption would necessarily give way to direct evidence, or to opposite presumptions of a controlling character ; but the defence has failed to make out anything more than a speculative and possible case. The speculative opinion of the witness, a physician, who never saw the slave, as to the sudden appearance of the disease in most cases, and as to the probable effect of the atmosphere, coupled with the apparent good health of the slave on the day of the sale, were insuffi-cient to destroy the legal presumption created by the above Article of the Code. *Landry* v. *Peterson,* 4 An. 96 ; *Kock & McCall* v. *Slatter,* 5 An. 739 ; *Dohan* v. *Wilson,* 14 An. 353 ; *State* v. *Bailey,* 4 An. 376 ; *Dupré* v. *Desmaret,* 5 An. 591 ; *Roca* v. *Slawson,* 5 An. 708.

The issue raised by the intervenor, who was in possession of the three slaves attached in this suit, is, that those slaves were purchased in the State of Georgia, by and in the name of the defendant, *Bullard,* a citizen of Georgia, with funds raised in Georgia, on the faith of a letter of credit executed by the intervenor, with the understanding that the slaves should, when brought, be consigned to him for sale on commission in New Orleans, and the net proceeds applied to the payment of the bills of exchange drawn on said letter of credit ; that he held those slaves under said agreement which had been entered into in the State of Georgia, and that slaves being chattels under the laws of that State, he had a lien on them which attaches in this State. .

Privileges are *stricti juris,* and can only exist by an express law creating them. C. C. 3152. *Shaw & Co.* v. *Grant et al.,* 13 An. 52.

Persons who have advanced money towards the purchase of slaves, or consignees and commission agents who have furnished funds for a like object, acquire no privilege thereby under the Article 3214 of the Civil Code as amended; nor do such advances, *per se*, create any privilege on slaves under our existing laws. *Cochran & Co.* v. *Walker et al.*, 10 An. 431.

It is perfectly immaterial whether, under the facts of this case, the intervenor could claim a privilege in the State of Georgia; for this court has, on more than one occasion, said that we are to look to the provisions of our own laws for the existence and enforcement of privileges. *Lee* v. *His Creditors*, 2 An. 600; *Wickham* v. *Livingston et al.*, 11 An. 702; *Swasey & Co.* v. *Steamer Montgomery*, 12 An. 800.

Besides, the defendant and intervenor had themselves agreed that the slaves should be imported and sold in Louisiana, whence it follows that the law of the *forum* must rule. C. C. 10.

Judgment affirmed, with costs.