No. 3954

Second Circuit
(Second Division)

WALKER, JR., v. SPENCE ET AL.

(May 7, 1931.  Opinion and Decree.)

Blanchard, Goldstein, Walker & O'Quinn, of Shreveport, attorneys for plaintiff, appellee.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for defendants, appellants.

CULPEPPER, J.  Upon the petition of more than 60 per cent of the property owners of Caddo avenue from the north line of Sixty-sixth street to the south line of Fifty-eighth street, of the town of Cedar Grove, the municipal authorities passed an

ordinance calling for the paving of that thoroughfare. Bids were called for and a contract awarded, and the work performed. The procedure was under Act 187 of 1920.

After the contractors had completed the work, the municipal authorities passed an ordinance accepting the work and levying an assessment against the property abutting on that part of the street which was paved. J. J. Platt was the then owner of record of the property abutting the street, described, as the W. ½ of lot 16, and lots 17 and 18 of block C, Southside Park subdivision, having acquired it by purchase, partly for cash and partly on terms of credit, from M. C. Spence and G. M. Leadman, on July 8, 1924. The ordinance, as recorded, levying the assessment against the property on Caddo avenue, inadvertently omitted that above described. The ordinance adopted on October 5, 1926, was filed for record, but a few days later the omission of the Platt property from the recorded copy was discovered, whereupon the mayor called a special meeting of the council to adopt and have recorded a supplemental ordinance to cure the omission. This supplemental ordinance is given the same number as the original ordinance, and bears the same date, although it was not adopted until some days later, and was not filed for record until March 5, 1929, or more than two and a half years after it is shown to have been adopted.

Mr. G. M. Leadman died after the property was sold to Mr. Platt, and his widow, one of the defendants herein, became the co-owner, with Mr. Spence, of the note representing the deferred portion of the purchase piece. Mr. Platt found himself unable to meet the monthly installments, and on being pressed for payment, agreed to transfer the property to the defendants.

The recited consideration was $2,000 cash. The actual consideration, however, was the balance due by Platt on the purchase price, amounting to about this sum. The services of Mr. J. F. Slattery, an attorney, was retained by defendants to attend to the transfer, and to see that a good title was obtained. He made a search of the records and procured a mortgage certificate, and within a few days after the matter was placed in his hands, drew a deed which was executed by Mr. Platt, on December 9, 1926, conveying the property to the defendants. The mortgage certificate showed no incumbrances against the property except the mortgage retained to secure the purchase price when sold to Mr. Platt. Mr. Slattery advised Mr. Spence that the title was clear with that exception.

On October 3, 1929, this suit was filed, which resulted in a judgment in favor of the plaintiff recognizing him as the owner of the claim for street paving secured by special lien against the property. Defendants have appealed.

All parties agree, and the lower court correctly held, that no personal obligation was created by the proceedings in advance of, and subsequent to, the paving of the street. Whatever rights, therefore, plaintiff has, is based upon the provisions of the act under which this work was performed. Section 4 of the act provides that upon the final and satisfactory completion of the work, the municipal authorities shall accept by ordinance and provide for the assessment of the amount due by the abutting real estate, railroad track and roadbeds according to the rule of apportionment stipulated in the act. And it further provides:

"A certified copy of such ordinance contained in the said assessment shall within ten days after its passage be filed for

record in the office of the Recorder of Mortgages in the parish in which said assessed property is located, and the same when so filed and recorded shall operate as a lien and privilege in favor of said city or town, or its transferees, against the real estate and railroad tracks therein assessed, which lien and privilege shall prime all other claims except taxes."

Plaintiff, in this suit, is attempting to have recognized and enforced, the lien and privilege permitted to be created by the foregoing statute, and alleged by him to have been brought into being by the procedure in connection with this paving program. It is perfectly clear that, as to the property in question, there was not, by the original ordinance, as recorded, any assessment against this property. And it is also well settled that privileges are in derogation of common right, and are therefore to be strictly construed. Loeb v. Collier, 131 La. 377, 59 So. 816; Gause v. Bullard, 16 La. Ann. 107; Succession of Rousseau, 23 Ann. 1; C. C. art. 3185.

In the able brief of plaintiff's counsel it is urged that by its terms this ordinance levied assessment upon all property on Caddo avenue between Fifty-eighth and Sixty-sixth streets. It is true that in the title it is recited that it is an ordinance "making and levying assessments against all abutting real estate and the owners thereof for the paving of said street." But no such language is found in the body of the ordinance itself. Section 2, levying the assessment, reads in part as follows:

"Be it further ordained, etc., that an assessment is hereby made and the same is hereby levied against the hereinafter described properties, and the owners thereof, the same being the proportionate amounts due by said abutting properties and the owners thereof for paving constructed upon Caddo avenue," etc.

Then follows a detailed description of a large number of properties together with the specific amount assessed against each respective property described. The property of Mr. Platt is not described in the ordinance thus recorded, nor is there any amount assessed or charged against it. We do not believe the language found in the title of the ordinance is sufficient to charge third persons with notice of an outstanding specific paving charge against any property other than that actually described, with the amounts assessed indicated.

It is true that local assessments are levied upon the theory that the property is benefited to the extent of the cost of such improvements, but, in order to subject property to such assessment, the forms of law must be complied with, not only by actually making the assessment against the property, describing it with reasonable accuracy, but indicating the actual amount assessed against it, and this must be recorded within ten days after passage of the ordinance levying the assessment. This was not done. There was no recordation of any assessment at all for more than two years. The lawmakers fixed a period of ten days within which this must be done, and we are powerless to extend it.

The question here presented is not one where the municipality undertook to levy an assessment but omitted some preliminary formality required by the statute, against which failure no protest was made; it is a case of utterly failing to levy any assessment at all, in the original recorded ordinance, and failing to record for more than two years, after the assessment was made, the ordinance in which the levy was actually made, when the statute allows only ten days.

Nor is it one where a transfer is made while paving work on a street is actually under way, and where, upon completion, a lien will be seasonably filed against the property, without reference to who may be the owner. It is one where the transfer is made long after the time provided by law, within which the assessment must be filed and recorded, to operate as a lien and privilege on the abutting property.

Plaintiff was bound to know, if he had examined the record, that the claim he acquired was not secured by an assessment, and its registry, as the law requires. He could easily have protected himself by an examination of the record. Defendants, when they undertook to reacquire title to the property, were not bound, under the settled jurisprudence of this state, to look beyond the records to ascertain if there were any secret, unrecorded liens resting against it. Const. 1921, art. 19, sec. 19; McDuffie v. Walker, 125 La. 152, 51 So. 100. The assessment for paving Caddo avenue was duly of record, and if defendants' counsel had examined it, it would have shown no incumbrances against the property, and since they took the precaution to secure a mortgage certificate, defendants certainly cannot be charged with any laches.

Plaintiff's counsel also contend that defendants owed Platt for the useful improvements placed upon the property. The answer to that argument is that Platt is making no claim to be reimbursed, and it is conceded that no personal obligation would have rested upon Platt even if it had been seasonably recorded.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that plaintiff's demand be rejected and his suit dismissed at his costs in both courts.